Albert A. Rubin, J.
This is a case of first impression.
The facts are not in dispute. Frederick J. Magovern, an attorney who represented himself at the trial on February 20, 1975, received a summons from a member of the Rockville Centre Police Department for an alleged violation of section 1221 of the Vehicle and Traffic Law, which section simply states "Driving through safety zone prohibited. No vehicle shall at any time be driven through or within a safety zone.”
The patrolman testified and defendant did not deny, that Mr. Magovern exited from Water Street, a village street, onto Long Reach Road, a Nassau County road, and proceeded north and in so doing crossed two safety zones. On cross-examination, defendant elicited from the patrolman that at the time of the alleged violation, there were no signs, nor were there any pedestrians in the street.
The defendant moved to dismiss on two grounds:
(1) The safety zone section has to be read in conjunction with section 141, which states: "Safety zone. The area or space officially set apart within a roadway for the exclusive use of pedestrians and which is protected or is so marked or indicated by adequate signs as to be plainly visible at all times while set apart as a safety zone.”; and
(2) The New York State Uniform Manual requires signs to be posted on all safety zones.
Mr. Magovern then testified that he had in fact crossed these "painted lines” on the road, but contended that such *969 crossing was not a violation of section 1221. Decision was reserved on the motion and the case.
Not only has a fact situation such as this never arisen in a reported decision, but as far as can be determined from the Official Reports and shepardizing, this point has never even been raised in a reported decision.
The intersection of Long Beach Road, Water Street and Oceanside Road is a very interesting situation in that it combines a village street with two county roads. It is most unique in that it operates without any traffic signals. The court has been advised by traffic engineers that signs in themselves at intersections such as this do pose a hazard.
I do not consider these islands as "safety zones” within the purview of section 1221, although they are commonly referred to as such. Safety zones are intended for pedestrian refuge and these subject islands were not put in principally for this use. In order to make these islands a legal safety zone within the purview of section 1221, the Village of Rockville Centre would have to designate them as a safety zone, and then they would have to comply with the other requirements in the Vehicle and Traffic Law and in the New York State Uniform Manual. The village has the authority, if it wishes to do so, under section 1640 (subd. [a], par. 8) of the Vehicle and Traffic Law. If the village establishes these painted islands as safety zones, then the sign delineated in section 238.7 of the New York State Uniform Manual would need to be installed.
Research does not indicate any place in Rockville Centre or in Nassau County where such safety zones have been established or such signs installed. Indeed, were such signs installed in the middle of a busy intersection, they might themselves pose a tremendous hazard.
Historically "safety zones” were used many years ago when pedestrians had to board or exit from trolley cars in the middle of a street. Islands were either painted or were raised from the street surface in order for pedestrians to stand on them as part of the street car surface transportation system. Perhaps there are such islands that still exist somewhere in the State of New York, but this court will take judicial notice of the fact that there are none in Rockville Centre.
The islands painted on the subject location were installed as islands and particularly as channelizating islands as described in 262.20, pages 212, 213, 214 of the New York State Uniform Manual. (Note 262.20, § [a] [1] [2] and § [f].) Section (3) of *970 262.20 on page 215 states that signs are not required on channelization islands.
Perhaps a charge for a violation of subdivision (d) of section 1128 of the Vehicle and Traffic Law, which prohibits crossing markings on portions of the highway which are especially hazardous, or a charge for a violation of subdivision 1 of section 1130 of the Vehicle and Traffic Law which refers to divided and controlled access highways, could have been brought against the defendant. It would appear that the "painted islands” that are in place presently at Oceanside and Long Beach Roads, are official markings and section 1650 (subd. [a], par. 3) of the Vehicle and Traffic Law authorizes Nassau County to install road markings that are not to be crossed. However, this is not the charge brought against this defendant and is not the charge before the court.
Defendant’s motion to dismiss is granted and he is found not guilty after trial.